UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>ERICK VOSTOK BERNAL,<br><br>                              Defendant. | Case No.: 21-CR-01817-TWR<br><br>**ORDER DENYING MOTION TO DISMISS THE INDICTMENT** |

Pending before the Court is Defendant's motion to dismiss the indictment based on the ground that the immigration statute he is charged with violating – 8 U.S.C. Section 1326 – violates the equal protection guarantee of the Fifth Amendment under the standard articulated in *Village of Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252 (1977).  The Court finds that the rational basis test applies to Defendant's motion.  *See Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1185 (9th Cir. 2011) ("We review equal protection challenges to federal immigration laws under the rational basis standard and uphold them if they are 'rationally related to a legitimate government purpose.'") (quoting *Masnauskas v. Gonzales,* 432 F.3d 1067, 1071 (9th. Cir. 2005).[1]  The

---

[1]   Several district courts, including the Court in *United States v. Gustavo-Carrillo-Lopez,* Case No. 20-cr-00026-MMD-WGC, 2021 WL 3667330, at *3 (D. Nev. Aug. 18, 2021), have declined to apply the

Court further finds that Section 1326 satisfies the rational basis test because it is rationally related to the legitimate government interest of deterring illegal reentry into the United States. *See United States v. Hernandez-Guerrerro*, 147 F.3d 1075, 1078 (9th Cir. 1998) ("By threatening with criminal prosecution any alien found in the United States who has previously been 'excluded, deported, or removed,' Congress sought in § 1326 to give teeth to civil immigration statutes and to ensure compliance with civil deportation orders. . . . In fact, it is plain that § 1326 is a necessary piece of the immigration-regulation framework; without the threat of criminal prosecution that it provides, Congress's immigration-regulation authority would be fatally undermined-all bark and no bite."); *cf. United States v. Ruiz-Chairez* 493 F.3d 1089, 1091 (9th Cir. 2007) ("Because the illegal reentry statute is a proper exercise of Congress's immigration power, and because § 2L1.2 properly implements this congressional directive, we must conclude that the 16 level enhancement under § 2L1.2 serves a legitimate government interest and has a rational basis. The enhancement serves the legitimate government interest of deterring illegal reentry by those who have committed drug-related and violent crimes.") (citations omitted).  The Defendant's motion to dismiss the indictment is therefore denied.

**IT IS SO ORDERED**.

Dated: 9/20/2021

**HONORABLE TODD W. ROBINSON**
United States District Court Judge

---

rational basis test and have instead applied the *Arlington-Heights* standard to evaluate equal protection challenges to Section 1326. *See United States v. Machic-Xiap,* Case No. 19-cr-407-SI, 2021 WL 3362738, at *10-16 (D. Or. Aug. 3, 2021); *United States v. Wence,* Case No. 30-cr-0027, 2021 WL 2463567, at *2-4 (D. V.I. Jun. 16, 2021).  However, the Court finds it significant that the orders in those cases failed to address the standard of review mandated by *Hernandez-Mancilla*.